UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| Jeffrey Scott Reid, ) | Case No. 06-50147 |
| ) | |
| Debtor. ) | |
| ) | |

## ORDER AND OPINION

This matter came before the court on June 20, 2006, for a hearing on the confirmation of the Debtor's proposed Chapter 13 plan. Vernon Cahoon appeared on behalf of the Chapter 13 Trustee. Having considered the official file in this case and arguments of counsel, the Court makes the following findings of fact and conclusions of law:

## FACTS

Jeffrey Scott Reid (the "Debtor") filed a voluntary petition under Chapter 13 of the Bankruptcy Code on February 10, 2006. The Debtor's petition lists the Forsyth County Child Support Enforcement Agency as having a claim in the amount of $4,801.93 and the Randolph County Child Support Enforcement Agency as having a claim in the amount $9,571.00. The Forsyth County Child Support Enforcement Agency has filed a claim in the amount of $3,653.90 on behalf of Tracey Butner. The claim represents past due child support from 1996 through the petition date. The Randolph County Child Support Enforcement Agency has not yet filed a claim. The deadline for governmental creditors to file claims is Wednesday, August 9, 2006.

The Debtor's proposed plan (the "Plan") provides for the Trustee to disburse payments of $60.00 per month on the claim filed by Forsyth County and $170.00 per month on any claim

filed by the Randolph County Child Support Enforcement Agency until such claims are paid in full.  The Plan provides that no interest will be allowed on the claims.  The Plan contemplates that payments to both child support creditors will be disbursed contemporaneously with the claims of other secured and priority creditors, including the claim of the Debtor's attorney for fees incurred in connection with the Debtor's bankruptcy case.  It is anticipated that non-priority unsecured creditors will receive no payment under the Plan.  The Debtor has certified that he is current with all post-petition domestic support obligations as required by 11 U.S.C. § 1325(a)(8).

## ANALYSIS

In the present case, the Debtor's Plan proposes payment of two debts that qualify as domestic support obligations, as that term is defined in 11 U.S.C. § 101(14A).  The issue before the court is whether the Debtor's proposed plan treatment of these domestic support obligations satisfies the requirements of the Bankruptcy Code, as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA").  Prior to the adoption of BAPCPA, the Bankruptcy Code allowed domestic support obligations to be paid in deferred cash payments over the life of a debtor's plan.  Other creditors could be paid concurrently with domestic support creditors.  Due to changes in the priorities of certain unsecured claims contained in BAPCPA, the court must determine whether the Debtor's Plan must provide for payment in full of any prepetition past due domestic support obligations before any disbursement can be made on administrative expense claims, such as attorney's fees.

With the adoption of BAPCPA, numerous amendments were made to the Bankruptcy Code in an effort to improve the treatment of and increase the protections for domestic support

2

obligations. For instance, §§ 1129 and 1325 now allow for confirmation of a plan only if a debtor has paid domestic support obligations that become payable post-petition. Section 1307 provides for conversion or dismissal of a case upon a debtor's failure to pay a domestic support obligation, and § 1328 requires a debtor to certify prior to discharge that all domestic support obligations due on or before the date of the certification have been paid.

In addition, § 507(a)(1) was amended to provide allowed unsecured claims for domestic support obligations with "first" priority under the Bankruptcy Code. Section 507(a)(1) describes those domestic support obligations that are entitled to first priority in subparagraphs (A) and (B). Subparagraph (C) contains an exception for certain administrative expenses of the trustee allowed under § 503(b)(1)(A), (2), and (6). As a result, while domestic support obligations are technically designated as first priority by § 507(a)(1)(A) and (B), they are subsequently displaced by certain administrative expenses of the trustee in § 507(a)(1) (C).

Provisions specific to Chapter 13 further displace the "first" priority status of domestic support obligations by providing for the payment of a debtor's attorney's fees prior to the payment of a domestic support obligation. While § 507 sets forth the general priority scheme for the Bankruptcy Code, the implementation of that section is governed by specific provisions within each Chapter.[1] In Chapter 13 cases, all priority claims must be paid in full in deferred cash payments, unless the holder of a particular priority claim agrees otherwise. 11 U.S.C. §

---

[1] In Chapter 11, § 1129(a)(9) requires that each priority claim be paid in full. Certain priority claims may be paid over time and others, including administrative claims, must be paid in full on the effective date of the plan. In Chapter 7, § 726(a)(1) requires that funds be distributed in the order specified in § 507. Therefore, if there is insufficient property in a Chapter 7 case to pay all priority claims in full, a higher priority claim must be paid in full before a lower priority claim can receive a distribution.

1322.  Pre-BAPCPA, administrative claims were afforded additional protection by § 1326(b)(1), which provided that "Before or at the time of each payment to creditors under the plan, there shall be paid– any unpaid claim of the kind specified in section 507(a)(1) of this title."  This provision required debtors to pay administrative claim holders, including their attorneys, either before or concurrently with payments to other creditors.  As a result, in this district, pre-BAPCPA Chapter 13 plans generally provided for payment of attorney's fees concurrently with other secured claim holders during the first year of a Chapter 13 plan.

BAPCPA amended § 1326(b)(1) by striking out the reference to § 507(a)(1) and replacing it with a reference to § 507(a)(2), the subsection that now governs administrative claims, including attorney's fees.  The court can only conclude that Congress made the affirmative decision to maintain the pre-BAPCPA treatment of administrative claims in Chapter 13 plans.  Accordingly, the court finds that the Plan does not violate § 507(a)(1) by providing for payment of attorney's fees before the Debtor's domestic support obligations are paid in full.

Lastly, the court notes that the Debtor's Plan does not provide for the payment of interest on either domestic support obligation.  The definition of a "domestic support obligation," as set forth in § 101(14A), states that a domestic support obligation is a "debt that accrues before, on, or after the date of the order for relief in a case under this title, *including interest* that accrues on that debt as provided under applicable nonbankruptcy law notwithstanding any other provision of this title."  11 U.S.C. § 101(14A) (emphasis added).  Thus, the Debtor's Plan must provide for the payment of any interest accruing pursuant to nonbankruptcy law on any claims for domestic support obligations.

Based upon the foregoing, the court finds that the Debtor's Chapter 13 Plan does not

violate § 507(a) by providing for the payment of attorney's fees before or at the time of the payment of domestic support obligations. Nevertheless, to the extent that the claim filed by Forsyth County Child Support Enforcement Agency and any claim filed by the Randolph County Child Support Enforcement Agency indicate that the claimant is entitled to interest under nonbankruptcy law, the Plan must provide for the payment of such interest in the absence of an objection thereto and order sustaining such objection.

    IT IS SO ORDERED.

Service List

Jeffrey Scott Reid
105 Royal Oak Drive
Winston-Salem, NC 27107

David H. Idol
P. O. Box 1776
High Point, NC 27261-1776
Winston-Salem, NC 27106

NC Child Support Centralized Collections
P. O. Box 900020
Raleigh, NC 27675-9020

NC Forsyth Co. CSE Agency
P. O. Box 999
Winston-Salem, NC 27102

Robin Reid
2008-F Falcon Wood Court
Winston-Salem, NC 27127

Kathryn L. Bringle
Chapter 13 Trustee
P.O. Box 2115
Winston-Salem, NC 27102-2115